```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
RUSLAN AGARUNOV and MEDICAL                                 :   **MEMORANDUM**
RECORDS RETRIEVAL, INC., D/B/A                              :   **DECISION AND ORDER**
KARMA SUPPLIES,                                             :
                                                            :   13 Civ. 7250 (BMC)
                    Plaintiffs,                             :
                                                            :
        - against -                                         :
                                                            :
UNITED STATES OF AMERICA,                                   :
                                                            :
                    Defendant.                              :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiffs Medical Records Retrieval, Inc. ("MRR") and its sole shareholder, Ruslan Aguranov, challenge a tax lien against MRR's property that arose pursuant to a tax assessment by the Internal Revenue Service ("IRS"). In essence, plaintiffs contend that the IRS has acted arbitrarily and capriciously, to the point of denying plaintiffs due process, by not accepting a settlement offer from plaintiffs in exchange for releasing the lien. Plaintiffs further contend that at the administrative "due process hearing" held before an IRS agent, they received oral confirmation that the settlement offer was acceptable, although the agent called back later in the day to say that her boss had rejected the settlement offer.

The IRS has moved to dismiss for lack of subject matter jurisdiction, and its motion must be granted. Plaintiffs are in the wrong court.

## BACKGROUND

Taking the allegations in the complaint as true, and supplementing them with additional facts submitted by the IRS as part of its challenge to the Court's subject matter jurisdiction, the

case arises from the IRS' assessment of $127,096.52 in unpaid tax against MRR for the tax periods beginning June 30, 2011 and continuing through December 31, 2012.  By operation of law, particularly 26 U.S.C. § 6321,[1] the assessment gave rise to a lien on all of MRR's real and personal property to the extent necessary to satisfy the assessment plus interest and penalties. Under 26 U.S.C. § 6322, that lien continues "until the liability for the amount so assessed … is satisfied or becomes unenforceable by reason of lapse of time."  As of the filing of the complaint, the total amount assessed was in excess of $270,000.

Plaintiff Agarunov, MRR's sole shareholder, attempted to meet with the IRS to resolve the tax liability, and was told that it would take 3-6 months for the assignment of a field agent to deal with it.  While waiting, MRR continued to make unspecified tax payments.  Ultimately, Agarunov was contacted by an agent, but missed her call, and she did not return multiple messages he left for her.  Instead, on or about May 23, 2013, the IRS sent MRR a Notice of Tax Lien and Right to a Hearing.  After more unsuccessful attempts to reach an agent, Agarunov finally did.  However, that agent told him the process was "out of her hands."  She also told him that she had visited MRR's business address and that building appeared to be empty, which, the complaint alleges, was not the case.

Plaintiffs then requested a hearing under 26 U.S.C. § 6320 on June 5, 2013.  Section 6320 allows for a "due process" hearing upon a taxpayer's request to challenge the imposition of a tax lien. Plaintiffs and their accountant had a telephone hearing pursuant to this request on August 7, 2013.  The agent conducting the hearing admitted to being unprepared, but allegedly told Agarunov and his accountant that if, by the end of the day, they sent her MRR's 2011 tax

---

[1] "If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."

2

returns, bank records, and proof that the tax liens were precluding MRR from obtaining financing, the IRS would release the lien. This was apparently based on Agarunov's offer of "collection alternatives" to the lien. After receiving the documents, however, the agent called Agarunov back and told him that her Manager would not agree to release the lien.

On September 18, 2013, the IRS sent plaintiffs' accountant an "Appeals Case Memo." This was essentially a summary of the due process hearing and an explanation of why the IRS had rejected MRR's "collection alternatives." The grounds stated for rejecting the "collection alternatives" was that MRR was not current on its taxes for the quarter ending September 30, 2013; however, the complaint alleges that MRR was, in fact, current for that quarter.

Plaintiffs then negotiated a payment schedule with the IRS, and plaintiffs allege that MRR made payments earlier than called for under the schedule. As to the remaining amounts due, which the IRS asserts consist of the full amount of the tax assessment plus additional taxes and interest, plaintiffs have repeatedly offered a "Collateral Agreement and a Bond" in lieu of the lien, but the IRS has not responded to plaintiffs request to discuss this alternative.

MRR has $13 million in receivables that are due but cannot collect them because it cannot obtain financing as a result of the lien. At one point, an IRS Manager told Agarunov that if he could come up with $100,000, the IRS would release the lien, but then changed his mind. The continuation of the lien has crippled MRR's business.

**DISCUSSION**

Plaintiffs predicate subject matter jurisdiction on 26 U.S.C. § 7432. That statute does not provide for a district court to order the release of a tax lien. Rather, it states that "[i]f any officer or employee of the Internal Revenue Service knowingly, or by reason of negligence, fails to

3

release a lien under section 6325 on property of the taxpayer, such taxpayer may bring a civil action for damages against the United States in a district court of the United States." Id. at § 7432(a). The damages allowed are defined as "actual, direct economic damages sustained by the plaintiff which, but for the actions of the defendant, would not have been sustained," plus the costs of the action. Id. at § 7432(b). By limiting the right to relief to damages, the statute appears to assume that taxpayer has already established its right to vacate any tax liens, either administratively or in the Tax Court, and its remedy for the negligent or intentional failure of the IRS to implement the release of the lien consists of a claim for damages.

Right away, there is an apparent disconnect between plaintiffs' complaint and the statute. Although the complaint makes a perfunctory demand for unspecified damages, the primary relief it seeks is for this Court to "vitiate the filed Federal Tax Lien, order the same be discharged and order the IRS to consider alternative collection means, including a collateral agreement." Plaintiffs' request is in the nature of equitable or mandamus relief, and the United States has not waived its sovereign immunity sufficient to allow this Court to issue such relief. See United States v. Sherwood, 312 U.S. 584, 588 (1941).

But plaintiffs have additional problems. The predicate to jurisdiction under § 7432 is that the IRS is required to release its lien under 26 U.S.C. § 6325. However, § 6325 requires release of a tax lien only if the "Secretary [i.e., the Commissioner of the Internal Revenue Service] *finds* that the liability for the amount assessed, together with all interest in respect thereof, has been fully satisfied or become legally unenforceable," or if "[t]here is furnished to the Secretary *and accepted by him* a bond that is conditioned upon the payment of the amount assessed, together with all interest in respect thereof." (Emphasis added). The statute defers to regulations to

4

define the Commissioner's discretion with regard to what constitutes an acceptable bond. See 26 C.F.R. § 301.7101-1.

The complaint contains no allegation that the Commissioner has found that plaintiffs' tax liability has been fully satisfied or become legally unenforceable, nor that the Commissioner has "accepted" a bond. Quite the contrary – the absence of such findings or acceptance is why plaintiffs have brought this case. To the extent that plaintiffs allege that there was either such a finding or acceptance based on the alleged oral approval and then retraction during their discussions with IRS agents, the argument fails under the well-established principle that there can be no estoppel against the Government except in very limited circumstances. See Federal Crop Insurance Corp. v. Merrill, 332 U.S. 380, 383-84, 68 S. Ct. 1 (1947); City of New York v. Shalala, 34 F.3d 1161, 1168 (2d Cir. 1994). It is clear from the complaint that neither the Commissioner of Internal Revenue nor any authorized delegate made the level of commitment required by § 6325. Thus, the predicate for this Court's jurisdiction under § 7432 is not present.

What plaintiffs are actually asking this Court to do is to review the reasonableness of the IRS agents in not approving or in retracting the approval of plaintiffs' "Collateral Agreement and Bond." Nothing in § 7432 gives this Court jurisdiction to do that. Rather, pursuant to 26 U.S.C. § 6320(c), which incorporates by reference the review procedures in § 6330(d) (administrative hearings before levy), the exercise of that discretion has to be considered first in the IRS Office of Appeals and then in the Tax Court.[2] Indeed, the Tax Court regularly reviews claims similar

---

[2] Section 6330(d) provides for "Judicial Review of determination" of a due process hearing, stating that the taxpayer "may, within 30 days of the determination under this section, appeal such determination to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter.)." Prior to 2007, § 6330 allocated jurisdiction for such appeals between the Tax Court and district courts depending on the nature of the underlying tax liability, but the statute was amended in 2006 to identify "the Tax Court as the exclusive avenue for review of a hearing officer's determination." Peterson v. United States, No. 08–14025, 2009 WL 1951351, at *2 n.1 (E.D. Mich. June 30, 2009); Sullivan v. United States, No. 06-05535, 2007 WL 2811120, at *2 n.1 (E.D. Pa. Sept. 26, 2007) ("Section 6330(d) now provides the Tax Court with jurisdiction over all challenges of CDP hearings."). Plaintiffs' argument that the

5

to those of plaintiffs here. See Kyereme v. Comm'r, T.C.M. 2012-173, No. 1321-11L, 2012 WL 2344680 (T.C. June 20, 2012) (IRS Office of Appeals acted within its discretion in denying notice of tax lien); Smith v. C.I.R., T.C.M. 2009-33, No. 22223-07, 2009 WL 361743 (T.C. Feb. 11, 2009) (binding settlement agreement not reached between IRS and taxpayer); Drake v. C.I.R., T.C.M. 2006-151, No. 20454-03L, 2006 WL 2052889 (T.C. July 24, 2006) (same); Morlino v. C.I.R., T.C.M. 2005-203, No. 18441-03L, 2005 WL 2078531 (T.C. Aug. 24, 2005) (IRS Settlement Officer was not unreasonable in attempting to negotiate settlement with taxpayer); Dorra v. Comm'r, T.C.M. 2004-16, No. 4437-03L, 2004 WL 167367 (T.C. Jan. 26, 2004) (where taxpayer entered into installment agreement to pay overdue taxes, IRS was not required to release lien until tax was fully paid off). See also Williams v. C.I.R., 718 F.3d 89 (2d Cir. 2013) (affirming Tax Court's determination that IRS was not required to conduct in-person due process hearing); Gillum v. C.I.R., 676 F.3d 633 (8th Cir. 2012) (affirming Tax Court decision holding that IRS had not abused its discretion in denying taxpayer's proposed collection alternatives). The complaint does not allege that plaintiffs ever appealed the rejection of their claim in the due process hearing to the IRS Office of Appeals, and the IRS has demonstrated in its motion papers that they did not.

Plaintiffs' only answer to this is to attempt to bootstrap the merits of their claim into a jurisdictional predicate for the claim. Plaintiffs assert that because the IRS has refused or retracted acceptance of plaintiffs' purported "bond" when it was required to do so, the lien is unenforceable, and therefore jurisdiction in this Court exists under § 7432 because of the IRS'

---

Tax Court lacked jurisdiction over any appeal because it involved employment taxes is therefore unavailing. Plaintiffs do not address the 2006 amendment except to argue that one Tax Court case, cited by defendants, is not precedential. Even if plaintiffs are correct, defendants additionally cited to Peterson, Sullivan and other district court cases similarly describing the effect of the 2006 amendment, and plaintiffs do not distinguish or even acknowledge these authorities.

wrongful refusal to remove the lien. This conflation of the merits with the issue of subject matter jurisdiction is flawed; it is for the Tax Court, after administrative appeal, to determine in the first instance whether the IRS acted properly. If it determines that it did, and the IRS nevertheless continues to refuse to remove the lien (which seems unlikely), then plaintiffs could bring an action for damages in this Court.

Finally, I reject plaintiffs' alternative request for leave to amend. Plaintiffs do not say how they would amend; they only say that they would add "whatever technical allegation the Court deems necessary to perfect the pleadings." This is not a matter of a "technical allegation." No amendment would solve plaintiffs' jurisdictional problem and so any amendment would be futile. See Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 18 (2d Cir. 1997).

## CONCLUSION

Defendant's motion to dismiss is granted and the complaint is dismissed for lack of subject matter jurisdiction. The Clerk is directed to enter judgment accordingly.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
April 4, 2014